## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALEJANDRA OLIVARES,

       Plaintiffs,

v.                                                                                                                 CV No. 21-197 MV/CG

KILOLO KIJAKAZI,[1]
Commissioner of the
Social Security Administration,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Commissioner Kilolo Kijakazi's *Motion Pursuant to Fed. R. Civ. P. 12(B)(1) to Dismiss Plaintiff's Complaint in Part and for an Extension of Time Within Which to Answer and File the Certified Administrative Record* (the "Motion to Dismiss"), (Doc. 5), filed May 13, 2021; and the Commissioner's *Motion for Leave to File Supplemental Brief* (the "Motion to Supplement"), (Doc. 11), filed September 29, 2021, both of which United States District Judge Martha Vazquez has referred to the undersigned pursuant to 28 U.S.C. § 636(b), (Doc. 12).

The Motion to Dismiss, which the Commissioner brings pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asks the Court to dismiss the constitutional claim raised in Plaintiff Alejandra Olivares's Complaint for lack of standing. (Doc. 5 at 2). The Motion to Dismiss additionally requests an extension of time within which to answer the remainder of Ms. Olivares's Complaint and to file the certified administrative record. *Id.* at 3-4. Ms. Olivares has filed no response to the Motion to Dismiss.

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

Responses to motions "must be served within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). A respondent's failure to serve a timely response to a motion "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980).

Under these rules, given Ms. Olivares's failure to respond to the Motion, Ms. Olivares has consented to the Motion. *See Rubin v. Jenkusky*, 1:13-cv-47 RB/RHS, 2013 WL 11327111, at *1 (D.N.M. July 8, 2013) ("Although summary judgment motions cannot be conceded based on failure to file responses in opposition, *see Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), these are motions to dismiss and the local rule applies.") (citing *Lopez v. Am. Express Centurion Bank*, 13-cv-357, PJK/LFG (D.N.M. June 7, 2013). The Court therefore finds that the Commissioner's Motion should be **GRANTED**.

Consequently, the Court further finds that the Commissioner's Motion to Supplement, which seeks leave to file supplemental briefing in support of the Motion to Dismiss, should be **DENIED AS MOOT**.

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's *Motion Pursuant to Fed. R. Civ. P. 12(B)(1) to Dismiss Plaintiff's Complaint in Part and for an Extension of Time Within Which to Answer and File the Certified Administrative Record*, (Doc. 5), be **GRANTED**. The Court further **RECOMMENDS** that the Commissioner be **DIRECTED** to file an answer and the certified administrative record

by no later than **November 15, 2021**. The Court finally **RECOMMENDS** that the Commissioner's *Motion for Leave to File Supplemental Brief*, (Doc. 11), be **DENIED AS MOOT**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE